West'n District
*Aug.* 1823.

BERNARD
*vs.*
SHAW.

——◦◦◦——

*BOISSIER'S SYNDICS* vs. *BELAIR & AL.*

APPEAL from the court of the fifth district.

MATTHEWS,* J. delivered the opinion of the court. In this case, the syndics sue together

1ns481
47 1539

A bona fide creditor of an insolvent, may, when sued by the syndics, plead in compensation, a debt due him previous to the insolvency But he must

---

*Porter, J. did not join in this opinion, having an interest in the insolvent's estate.

West'n District
*Aug.* 1823.

Boissier's syn-
DICS
*vs.*
Belair & al.

prove the peri-
od when he be-
came creditor,
by other eviden-
ce than that of
the insolvent.

with the representatives of the wife of the in-
solvent, to recover a sum, claimed from
the defendants, as principal and surety on ac-
count of a purchase made by the former of a
tract of land, sold as belonging to the commu-
nity of acquests and gains of said Boissier and
his wife, for the price of 1060 dollars, payable
in three equal annual instalments, and on the
first three of which becoming due, this suit
was instituted.

In the answer, compensation is pleaded on
the part of Belair, by attempting to set off a
note of hand against the plaintiff's claim, exe-
cuted by Boissier to another person, and by
him transferred by endorsement to said defen-
dant; and also, the benefit of a judgment
which Bijeau expected to obtain on a note of
said Boissier, which the latter had failed to
pay in bank, the former being subrogated, on
paying the same to the agents of said bank,
and on which he had commenced suit; by as-
signment to the principal defendant in the pre-
sent action. Judgment was rendered for the
defendants, from which the plaintiffs appealed.

In the course of the trial in the court below,
when the instruments of writing were offered
in evidence by the appellees, to support their

plea of compensation; the plaintiffs' attor-
ney objected to their admission, unless they
were supported by proof of the real time at
which the transfer was made, in order to esta-
blish the fact of said alienation having taken
place, previous to the failure of the insolvent.
Being over ruled in their motion, requiring
additional evidence, by the court, they took an
exception to its opinion, which comes up with
the record; and must be first considered.   It
is believed that a bona fide creditor of an insol-
vent, when there are mutual debts existing be-
tween the parties at the time, and previous to
such insolvency, may plead his claim in com-
pensation to any suit brought by the syndics of
the insolvent   In the ordinary trading and
commerce between men, when no suspicion is
raised, by a failure of either of the parties, an
endorsement made in blank, or to which a date
is affixed will be considered as regularly done,
and require no other proof to aid its validity.

But in a concurso, the creditors are consider-
ed as litigating with each other, and are bound
to establish their claims against the insolvent
by other and less suspicious testimony, than
that which arises from his acknowledgments,
or from instruments under private signatures,

West'n District *Aug.* 1823.

BOISSIER's SYN-DICS.

*vs.*

BELAIR & AL.

which can be anti-dated with so much facility. See *F br. p.* 2, *b.* 3, *ch* 3, *no.* 33. Immediately previous to failure, in *tempo inabil,* and much more so after failure, no alteration can be made in the situation of the creditors of an insolvent, so as to give any one or more of them an advantage over the rest; this might be effected if his debtors were permitted to acquire claims against him, and plead them in compensation.

Of this the defendant, in the present case, seems to have been well convinced, for the transfers bear date prior to the cession of goods by Boissier; but as they may have been antidated, and as in cases of failure fraud is properly presumed; there can be no doubt of the propriety of compelling the appellees to support the claim of compensation, by proof of the actual time at which the debts, on which they rely, were transferred.

There is a circumstance peculiar to this case, as appears by the evidence. One of the transferrors, by his attorney in fact, W. L. Brent, offered to prove himself a creditor of the insolvent to a large amount. some time after the date of the transfer to his co-defendant. It is possible that this latter claim may have been

on account of some other dealing between him and the insolvent. If it be for the same claim, it amounts to a proof of its illegality, admitting the alienation of it to have taken place at the time purported by the date of the transfer. If it were a good and bona fide claim against the estate of Boissier, at the time it was offered, then the transfer must have been anti-dated. It is enough to raise suspicion in this case, independent of the general principles of law, which require the date to be fixed by proof, independent of the writing itself. We are clearly o opinion that the judge *a quo* erred in refusing to require the proof, insisted on by the appellant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered and decreed, that the cause be remanded to the court below, with instructions to the judge thereof, not to admit the claims pleaded in compensation, unless they be proven to be bona fide, and to have been transferred in proper time, by evidence other than that which appears in the transfer itself.

*Baker* for the plaintiffs, *Brownson* for the defendants.